Reese, J.
delivered the opinion of the court.
The principal question arising upon the record before the court is, whether the factum or making of a nun-cupative will can be well proved under the provisions of the 15th section of the act, April, 1784, c 22, by two witnesses, neither of whom at one and the same time heard the same declaration, but each of whom heard a different declaration made at a different time, but both in substance of similar import. The section is, that “no'nun-cupative will in any wise shall be good where the estate exceeds $250, unless proved by two wiu nesses present at the making thereof, and unless they or some of them were specially required to bear witness thereto by the testator himself and unless it was made in his last sickness.” This language is perhaps so plain, that any effort to illustrate may serve only to obscure it. The act of valid nun-cupation under the statute, must be proved by two witnesses present when such act of nun-cupation takes place. A nun-cupative will under the statute may be defined to be,’ a verbal *503 declaration, made by one in bis last sickness as to the disposition of bis property after bis death, made with the intention and purpose to dispose of such property, and made also in the bearing and presence of at least two credible persons, who shall attest the same, and who, or at least some of them were then by the testator himself specially called on to hear and bear witness to such declaration. The presence of two witnesses and what is technically called the rogatio testium, are as necessary elements of the statutory nuncupation as the declaration of the testator himself. If the declaration be made on Monday in the presence of one witness A, and a declaration of similar import on Tuesday in the presence of one witness B, and on Wednesday a similar declaration in the presence of one witness C, it may be true as has been arguedj that the purpose and intention of the testator would as fully be made manifest, and be as certainly established, as if A and B had been together present on that day and heard and attested the same declaration. But still it could not be said in the language of the statute, that there were two persons present at the making of anyone of these declarations, nor that they or some of them, namely, the persons present were called on, &c. The latter words which require the rogatio testi-mn, so far from showing that the several witnesses testifying to different declarations will satisfy the statute, show the contrary. They, the witnesses present, or some of them, must be called on, &c. which simply means, that although all must be present and perhaps hear and prove the rogatio, all need not be specially called upon. This section of our act of 1784, is copied and somewhat abridged from the 19th section of the statute of Frauds, 29thOh. II. c 8. That section is as follows: And for prevention of fraudulent practices in setting up nun-capative wills, which have been the occasion of much perjury; Be it'enacted by the authority aforesaid, that from and after the aforesaid four and twentieth day of June, no mm-cupatiue will shall be good where the estate thereby bequeathed shall exceed the value of forty pounds, that is not proven by the oaths of three witnesses, (at the least,) that were present at the making thereof, nor unless it be proved that the testator at the time of pronouncing the same, did bid the per *504 >sons present, or some of them, bear witnéss that such wag -his will, or to that effect,” and'unless, &c.
This section more amplified indeed than the corresponding section of our statute of similar import, cannot be read and leave any doubt upon the mind, it seems to me, with regard to the question before the court. That question, it may be remarked, so plain and unambiguous, perhaps, has never been decided — it seems never to have been even raised or discussed in England, nor indeed in this country, till the present time;
The 5th section of the same act of Ch. II. which requites that a “devise of land shall be in writing, signed by the de-visor,” “and shall be attested and subscribed in the presence of said devisor, by three or four credible witnesses,” presented very early to the English courts, the question whether the attesting witnesses should subscribe in [he presence of each other. Neither the words of the section nor the nature of the transaction seemed to require that they should so have been present; for the will in writing would identify itself, and their attestation at different times would comply with the words of the statute, if done in the presence of the devisor; yet the contrary was sometimes held, although finally settled in favor of separate attestations. But these decisions have no bearing on the question before us, because in the words of the statute and in the nature of the transactions, the cases are wholly different. The writing unchangingly evidences the intentions of the devisor — the attestations of witnesses verify the writing. But in the other case, the will is but the breath of the testator, niade articulate and preserved in the memory of the witneses. The fact of speaking and the things spoken, are alike to be proved by the witnesses. And the statute has seen proper to require, that to evidence, identify and perpetuate a will of a character so fleeting and so liable to mistake, it should at the moment of making, be executed, if I may so speak, in duplicate, that is, the same identical declaration should be heard and proved by two witnesses. Such, I think, is the very letter of the statute, and if so, it is not a case for giving a construction according to any supposed equity of the statute. For in the case of Liman vs. Bonsal, 1 Addam’s Eq. Rep. *505 Sir John Nicholl says, llnun-cupalive wills are not favorites with courts of probate.” He adds, “much more is required to the due proof of a nun-cupative will, than of a written one in several particulars. In the first place, numerous restrictions are imposed upon such wills by the statute of Frauds, 29 Cb. II. c 3, § 19, the provisions of which must be, it is held, strictly complied with to entitle any nun-cupalicc will to probate, consequently the absence of any one of these is fatal at once to a will of this species. But added to this and independant of the statute of Frauds, altogether, the j'uclum ofa nu.-i-cupitlive will requires to be proved by evidence more strict and stringent in every single particular.” In the case of Bennett vs. Jackson, 2 Phillimore, 190, the same principle is determined by the same judge. Upon the whole, I am of opinion that the judgment ought in this case to be af-affirmed.
Judgment affirmed.